## 10440. DODGE BROTHERS *v.* HART.

SMITH, J. 1. The petition as amended set out a cause of action, and there was no error in overruling the general demurrer. The several special demurrers are not passed upon, inasmuch as they are not insisted upon in the brief of counsel for the plaintiffs in error.

2. The contract attached to the petition in this case does not constitute a contract of bargain and sale, but is what is known as a dealer's agreement, wherein the manufacturers of the Dodge automobile entered into a contract with R. H. Hart, granting to him the privilege of selling at a price fixed by the terms of the contract, within a certain named territory, and for a specified time, as many as 50 Dodge cars, and for each car shipped to him he was to pay an agreed price, and a draft attached to the bill of lading was to be drawn on him by Dodge Brothers. It was further agreed in the contract that either party might cancel the same on giving 15-days notice. By letters exchanged between the parties after the execution of the contract, the terms of the agreement were modified and changed to such an extent that Hart was not required to order in any one month or within any designated time the number of cars specified in the schedule named in the contract, but was to have the right to order cars when needed for sale. In these letters it was also agreed that Dodge Brothers were to ship cars in accordance with orders as they came from Hart, and not in compliance with the schedule contained in the contract. These letters so modified and changed the contract that Dodge Brothers were only bound to ship Hart the cars ordered by him when accepted by them; and therefore, in a suit by Hart against Dodge Brothers for a breach of this contract, he would be entitled to recover only the difference between the contract price and the price at which he was to sell such cars as had been ordered by him and accepted by Dodge Brothers.

3. The following excerpts from the charge of the court, while correct abstract statements of the law on the subject of damages, were not applicable to the facts in this case, and therefore the court erred in so charging: (1) "Remote or consequential damages are not allowed whenever they cannot be traced solely to the breach of the contract, or unless they are capable of exact computation, such as the profits which are the immediate fruits of the contract, and are independent of any collateral enterprise entered into in contemplation of the contract." (2) "Damages recoverable for a breach of contract are such as arise naturally and according to the usual course of things from such breach, and such as the parties contemplated, when the contract was made, as the probable result of its breach."

4. Under the ruling in paragraph 2 above, the court erred in charging the jury as follows: "By the contract in question in this case the plaintiff agreed to purchase fifty motor-cars and the defendant agreed to sell fifty cars. The contract specified the months during which shipments of such cars were to be made by the defendant to the plaintiff, and that the plaintiff was to accept and pay for such cars as shipped. The contract is, therefore, a contract of bargain and sale. Under such contract it was the duty of the defendant to make the shipments as

provided for in the contract, unless it was relieved from doing so by some act of the plaintiff." "If you believe there has been a breach of the contract by the defendant by reason of the failure of the defendant to ship any of the cars which it agreed to ship, which failure was not brought about by any failure of the plaintiff, then the plaintiff would be entitled to recover damages of the defendant for such breach; and the measure of such damages would be the difference between what the plaintiff would, under the terms of the contract, have had to pay for such cars, and the market value of such cars as the plaintiff was prevented from reselling in the territory embraced in the contract."

5. The charge that "if you find that there had been a breach of the contract and the plaintiff is entitled to damages, you will also find interest from the date of the termination of the contract or the breach of the contract at the rate of 7% per annum," was error, but this error was cured, as the court ordered the plaintiff to write off the interest found by the jury. If interest was recoverable at all under the rulings hereinbefore set out, it was a matter for determination by the jury, and, if allowed, would be only legal interest from the breach of the contract caused by the refusal to ship cars upon the orders of the plaintiff after acceptance of such orders and within a reasonable time for shipment. All these matters were for the jury.

6. It was not error for the court to refuse the request to charge set out in the 10th ground of the amendment to the motion for a new trial. This request to charge is not complete in itself, as it fails to include one of the contentions of the plaintiff, to wit: that the defendant, notwithstanding the letters of January 11th and 12th, 1915, did accept orders for cars and failed to ship them.

7. The court erred, under the pleadings and the evidence, in refusing the request to charge as set out in the 11th ground of the amendment to the motion for a new trial (this proposition not having been covered by the charge given): "I charge you that when the plaintiff sent to the defendant the letters of January 11th and 12th, instructing the defendant to ship no cars until advised, that these letters operated to cancel the schedule of cars set forth in the dealer's agreement, and that the defendant was not therefore bound to make additional shipments, unless it accepted such additional orders as plaintiff gave defendant."

(a) This is also true of the written requests to charge contained in the 12th, 13th, and 15th grounds of the amendment to the motion for a new trial.

8. The instructions set out in the 5th, 6th, 7th, 9th, and 14th grounds of the amendment to the motion for a new trial, though in some particulars not altogether accurate, do not require a reversal.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED DECEMBER 23, 1919.

Complaint; from Fulton superior court—Judge Bell. February 7, 1919.

Application for certiorari was denied by the Supreme Court.

*Bloomer & McGregor, King & Spalding,* for plaintiff.

*Madison Richardson, Bryan & Middlebrooks,* for defendant.